# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 19-50122
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS A. GREEN, also known as Mark Anthony Green, also known as Markus Anthony Green, also known as David Anthony Brenham, also known as Mark Anthony Butler, also known as Jacobb Williams, also known as Marcus Antonius, also known as Jeffrery Watson, also known as Marcus Wilson, also known as David Hilliard,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:98-CR-254-1

————————————

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

In 1999, Marcus A. Green, currently Texas prisoner # 1118715, was convicted in federal court of counterfeiting and sentenced to 36 months of imprisonment, three years of supervised release, and a $5,000 fine. Four days

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after his release on supervision, Green was arrested on state charges that ultimately resulted in his being sentenced to 40 years in prison for practicing medicine without a license and causing psychological harm.

In January 2019, Green filed a motion asking the district court to revoke his supervised release under 18 U.S.C. § 3583, stating that he was unwilling to wait until 2040 to start serving his term of supervised release again. The district court denied the motion, concluding that Green's supervised release was tolled for the duration of his state sentence and would recommence upon his release from state custody. Green filed a timely notice of appeal, and the district court denied him leave to appeal in forma pauperis (IFP), certifying that his appeal was not taken in good faith.

By filing an IFP motion in this court, Green is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Arguments that are not directed to the district court's certification decision are not considered. *See Baugh*, 117 F.3d at 202 n.24.

Pursuant to 18 U.S.C. § 3624(e), a term of supervised release is tolled "during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." Green has not shown that the district court had a valid basis for revoking his supervised release under 18 U.S.C. § 3583(e)(3) or that denying his motion to revoke his supervised release was an abuse of the district court's discretion. *See Mont v. United States*, 139 S. Ct. 1826, 1833 (2019); *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010).

No. 19-50122

The arguments Green now presents are largely not directed to the district court's certification decision and do not raise legal points arguable on their merits. Accordingly, his motion for leave to appeal IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.